IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTONIO M. ROSS | § | PLAINTIFF |
| | § | |
| | § | |
| v. | § | Civil No. 1:20cv351-HSO-BWR |
| | § | |
| | § | |
| SHERMAINE SULLIVAN, | § | |
| *Chief Deputy United States* | § | |
| *Marshal's Service*, et al. | § | DEFENDANTS |

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [49]; GRANTING DEFENDANTS SHERMAINE
SULLIVAN AND UNITED STATES OF AMERICA'S MOTION
TO DISMISS AND FOR SUMMARY JUDGMENT [31]; DENYING
PLAINTIFF'S MOTION [34] TO CORRECT, SEVER IN PART, RETAIN
IN JOINDER, AND HOLD IN SEVERALTY; AND DISMISSING
PLAINTIFF'S CLAIMS AGAINST DEFENDANTS SHERMAINE
SULLIVAN AND UNITED STATES OF AMERICA

This matter comes before the Court on the Report and Recommendation [49]

of United States Magistrate Judge Bradley W. Rath, entered in this case on August

8, 2022.   The Magistrate Judge recommended that Defendants Shermaine Sullivan

and United States of America's Motion to Dismiss and for Summary Judgment [31]

be granted, that Plaintiff Antonio M. Ross's "Motion to Correct, Sever in Part,

Retain in Joinder, and Hold in Severalty" [34] be denied, and that Plaintiff Antonio

M. Ross's claims against Defendants Shermaine Sullivan and the United States be

dismissed for failure to state a claim and for lack of subject-matter jurisdiction,

respectively.   *See* R. & R. [49] at 1-2, 13, 19-20.

Plaintiff has not objected to the Report and Recommendation [49], and the

time for doing so has passed.   Based upon a review of the record, the Court finds

that the Report and Recommendation [49] should be adopted, that Plaintiff's claims

against Sullivan should be dismissed with prejudice for failure to state a claim, and

that his claims against the United States should be dismissed without prejudice for

lack of subject-matter jurisdiction.

## I.   BACKGROUND

A.   Plaintiff's claims

On November 12, 2020,[1]  Plaintiff Antonio M. Ross ("Plaintiff" or "Ross") filed

a Complaint [1] in this Court, naming as Defendants Chief Deputy United States

Marshal Shermaine Sullivan ("Sullivan"), Stone County Sheriff Mike Farmer, Stone

County Nurse Susan Cooper, an unknown doctor from the Stone County Jail, the

Federal Bureau of Prisons ("BOP"), Stone County Captain Eddie Rogers, two BOP

employees, and the United States Department of Justice.   *See* Compl. [1].   Plaintiff

advanced causes of action under 42 U.S.C. § 1983, *Bivens*, and the Federal Tort

Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA").   *See id.* at 2, 8 (citing *Bivens v. Six*

*Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)).   Ross alleges that

Defendants violated his Eighth and Fourteenth Amendment rights by denying,

interfering with, and delaying medical treatment.   *See id*.

Ross later voluntarily dismissed his claims against the two BOP employees

and substituted the United States as a Defendant in place of Defendants BOP and

---

[1] Ross executed his Complaint [1] on November 12, 2020, and the Clerk of Court received
and docketed it on November 23, 2020.   *See* Compl. [1] at 1, 20.

Department of Justice.   *See* Mot. [10]; Order [11].   He subsequently dismissed two
of the Stone County officials, Cooper and Rogers.   *See* Mot. [39]; Text Order, July 1,
2022.   Ross's claims against Sullivan, Sheriff Mike Farmer, the unknown doctor,
and the United States remain pending.

B.   The parties' Motions [31], [34]

On November 12, 2021, Sullivan and the United States ("Defendants") filed a
Motion [31] to Dismiss and for Summary Judgment.   *See* Mot. [31].   Defendants
argue that the Court lacks jurisdiction over Ross's FTCA claim against the United
States because he had not exhausted administrative remedies at the time he filed
his Complaint [1], *see* Mem. [32] at 5-6, and because the United States cannot be
held liable for the actions of independent contractors, *see id.* at 6-8.   As for the
*Bivens* claim against Sullivan, Defendants contend that such a claim does not exist
in this context, that Sullivan had no personal involvement in the alleged denial of
medical care to Ross, and that Sullivan is otherwise entitled to qualified immunity.
*See id.* at 8-16.

Because Ross did not timely respond to Defendants' Motion [31], the
Magistrate Judge entered a Text Order requiring him to do so.   *See* Text Order,
Dec. 3, 2021.   Ross then filed what he titled a "Motion to Correct, Sever in Part,
Retain in Joinder, and Hold in Severalty" [34], which also responded to Defendants'
Motion [31].   Ross states that he wants to "sever in part his action . . ., by severing
Chief Deputy Shermaine Sullivan." Mot. [34] at 1.   As for the Court's jurisdiction
over Ross's claim against the United States, he relies upon 18 U.S.C. § 3231 to

3

argue that this Court has original jurisdiction "of all offenses against the laws of the United States."   *Id.* (quoting 18 U.S.C. § 3231).   Ross insists that he "had already exhausted his Administrative Remedy Process through the BOP" when he filed his Complaint.   *Id.* at 2.

C.   Magistrate Judge's Report and Recommendation [49]

On August 8, 2022, the Magistrate Judge entered a Report and Recommendation [49] concluding that Defendants' Motion to Dismiss and for Summary Judgment [31] should be granted and that Ross's "Motion to Correct, Sever in Part, Retain in Joinder, and Hold in Severalty" [34] should be denied.   *See* R. & R. [49] at 1-2, 13, 19-20.   Specifically, the Magistrate Judge determined that Ross's claims against Sullivan should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and that his claims against the United States should be dismissed for lack of subject-matter jurisdiction for failure to exhaust under the FTCA.   *See id.*   To date, Ross has not objected to the Report and Recommendation [49], and the time for doing so has passed.   *See id.*; L.U. Civ. R. 72(a)(3).

## II.   DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it.   28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").   In such cases, the Court applies the "clearly erroneous, abuse

4

of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [49] as the opinion of this Court. Defendants' Motion to Dismiss and for Summary Judgment [31] will be granted, Ross's claims against Sullivan will be dismissed with prejudice for failure to state a claim, and his claims against the United States will be dismissed without prejudice for lack of subject-matter jurisdiction. Ross's "Motion to Correct, Sever in Part, Retain in Joinder, and Hold in Severalty" [34] will be denied.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [49] of United States Magistrate Judge Bradley W. Rath, entered in this case on August 8, 2022, is **ADOPTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion to Dismiss and for Summary Judgment [31] filed by Defendants Shermaine Sullivan and United States of America on November 12, 2021, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Antonio M. Ross's claims against Defendant Shermaine Sullivan are **DISMISSED WITH PREJUDICE** for failure to state a claim, and Plaintiff Antonio M. Ross's claims against Defendant United States of America are **DISMISSED WITHOUT**

**PREJUDICE** for lack of subject-matter jurisdiction.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the "Motion to Correct, Sever in Part, Retain in Joinder, and Hold in Severalty" [34] filed by Plaintiff Antonio M. Ross on December 20, 2021, is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 12th day of September, 2022.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE