## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**ANTONIO M. ROSS**                                                    **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO. 1:20-cv-00351-HSO-BWR**

**MIKE FARMER**                                                      **DEFENDANT**

### REPORT AND RECOMMENDATION

*Pro se* Plaintiff Antonio M. Ross, proceeding *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983; *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. Compl. [1] at 2. Ross named several Defendants to start, but only his § 1983 claims against Sheriff Mike Farmer remain.[1] On June 17, 2022, Sheriff Farmer filed a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. Docs. [37] [38]. Ross filed a Response in Opposition [42], and Sheriff Farmer replied [45]. The Motion [37] is fully briefed and ripe for decision. For the following reasons, the undersigned recommends that Sheriff Farmer's Motion [37] for Summary Judgment for Failure to Exhaust Administrative Remedies be granted and the claims against him be dismissed without prejudice.

### I. BACKGROUND

Ross avers that he was taken into custody by the Drug Enforcement

---

[1] Defendants Federal Bureau of Prisons, Dr. G. Petry, Rhonda Rodden, and U.S. Department of Justice were dismissed on June 11, 2021. Order [11]. Defendants Susan Cooper and Eddie Rogers were dismissed on July 1, 2022. Text-Only Order (Jul. 1, 2022). And Defendants Shermaine Sullivan and United States of America were dismissed on September 12, 2022. Order [51].

Administration and the United States Marshals Service on October 27, 2017.  Compl.
[1] at 9.  While he awaited trial, he was housed in multiple holding facilities, including
the Stone County Regional Correctional Facility ("SCRCF") in Wiggins, Mississippi.
*Id*. at 10.  On February 5, 2018, Ross pleaded guilty in this Court to one count of
possession with intent to distribute 50 grams or more of actual methamphetamine.
*United States v. Ross*, No. 1:17-cr-00113-LG-RPM-1 (S.D. Miss. Feb. 5, 2018) (Minute
Entry).  On July 26, 2018, he was sentenced to 120 months imprisonment and five
years of supervised release.  *Ross*, No. 1:17-cr-00113-LG-RPM-1 (S.D. Miss. Jul. 27,
2018) (Doc. 32).  Ross is now housed at the Federal Medical Center in Fort Worth,
Texas.  Notice [26].

Ross avers that Sheriff Farmer "denied [him] timely and adequate medical
care" while he was housed at SCRCF from late 2017 to August 2018.  Compl. [1] at
12; *see also* Compl. [1-1] at 34; Doc. [37-1] at 77.  Ross received a heart transplant
before he was taken into custody and was subsequently prescribed Tacrolimus—
which Ross says "is know[n] to be associated with kidney disease."  *Id*. at 10.  As a
result, he needs regular access to specialized physicians to monitor his organs and
"ensure the safety and effectiveness of the Tacrolimus medication."  *Id*. at 11.  During
his time at SCRCF, though, Ross alleges that he did not see the right doctors or have
his medication properly adjusted.  *Id*. at 12.  He believes that this caused his chronic
kidney failure, which was allegedly diagnosed about two weeks after he left SCRCF.
*Id*. at 14.  Ross seeks $5 million in compensatory damages.  *Id*. at 18.

2

## II. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quotation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quotation omitted). "On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 397 (5th Cir. 2007).

To prevail on a motion for summary judgment, the movant must "demonstrate the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law." *Union Planters Nat. Leasing, Inc. v. Woods*, 687 F.2d 117, 119 (5th Cir. 1982). "The movant accomplishes this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges its initial burden of demonstrating entitlement to summary judgment." *Mack v. Waffle House, Inc.*, No. 1:06-cv-00559-RHW, 2007 WL 1153116, at *1 (S.D. Miss. Apr. 18, 2007) (quotation and brackets omitted). "

[O]nce a properly supported motion for summary judgment is presented, the nonmoving party must rebut with 'significant probative' evidence." *Id.* (quoting *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978)).

### III. DISCUSSION

This suit is subject to the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the United States Code).  Under the PLRA, inmates must exhaust "such administrative remedies as are available" before bringing a civil action.  42 U.S.C. § 1997e(a).  "Since exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

The Fifth Circuit Court of Appeals takes a "strict approach" to the exhaustion requirement.  *Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008) (quotation omitted).  "Exhaustion is mandatory for 'all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Alexander v. Tippah Cnty.*, 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).  Dismissal is appropriate where an inmate has failed to properly exhaust the applicable administrative grievance procedure before filing his complaint.  *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006)

4

("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford*, 548 U.S. at 83-84. "Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement." *Pettis v. Hall*, No. 1:19-cv-00357-RPM, 2021 WL 785097, at *1 (S.D. Miss. Mar. 1, 2021). "The grievance process must be carried through to its conclusion before suit can be filed under the [PLRA]." *Id.* (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). A properly exhausted claim is one that has "complete[d] the administrative review process in accordance with the applicable procedural rules." *Woodford*, 548 U.S. at 88. Those rules "are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

With his Motion [37], Sheriff Farmer submitted a copy of SCRCF's Grievance Procedures, which were stamped effective as of November 19, 2008. Doc. [37-2]. Pursuant to the Grievance Procedures, "[i]nmates are required to use the Administrative Remedy Procedure before they can proceed with a suit in Federal and State Courts." Doc. [37-2] at 4. To initiate the grievance procedure, an inmate "must make their request to the Facility Administrator within a 30 day period after an incident has occurred." *Id.* Once the first-step request is referred to the respondent, he or she has 15 days within which to respond to the inmate. *Id.* at 7. An inmate

5

dissatisfied with the first-step response may request relief at the second step. *Id.* And an inmate dissatisfied with the second-step response may request relief from the Commissioner or his designee at the third step. *Id.* "If an inmate is not satisfied with the Third Step response, he may seek judicial review within 30 days after receipt and signing for the decision." *Id.* When he entered SCRCF, Ross signed a form acknowledging that he had received the Grievance Procedures and "had these things explained to [him]." Doc. [37-1] at 89.

Sheriff Farmer also submitted testimony and documentary evidence in support of his Motion [37] as follows. Warden Franklin Brewer attested that he is "charged with maintaining records concerning inmates" in his capacity as Warden of SCRCF. Doc. [37-2] at 1. Warden Brewer "personally conducted a search of . . . Ross's entire jail file for grievances/requests submitted by him through the administrative remedies program." *Id.* at 2. That search revealed that Ross "filed no Administrative Remedies Procedure (ARP-1) Forms, grievances, or requests during his incarceration[] at the SCRCF." *Id.* Thus, Warden Brewer "affirmatively aver[red] that . . . Ross failed to completely exhaust his administrative remedies in accordance with SCRCF's administrative remedies program." *Id.* The Court conducted an independent review of Ross's jail file (attached as Exhibit A [37-1] to Sheriff Farmer's Motion) and has likewise concluded that Ross failed to initiate—much less complete—SCRCF's grievance procedure about the instant claims during his time at SCRCF.

With Sheriff Farmer having met his summary-judgment burden, Ross is

6

required to designate specific facts showing that a genuine issue for trial exists.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  To meet this burden, Ross must offer competent evidence that he properly exhausted his administrative remedies in compliance with SCRCF's deadlines and other critical procedural rules.  *See Woodford*, 548 U.S. at 90-92.  Ross opposes Sheriff Farmer's Motion [37] in three principal ways.  First, he says that SCRCF personnel advised him that the facility had no formal grievance procedure.  Resp. [42-1] at 2.  As a result, he was instructed to forward his complaints to the Marshals Service.  *Id*.  Second, Ross alleges that his attorney, Michael Crosby, lodged a grievance on his behalf "verbally by phone."  Resp. [42] at 1.  Third, Ross avers that he *did* submit a handwritten grievance request to SCRCF personnel, but his records were "destroyed during [his] transfer" from state to federal custody.  Resp. [42-1] at 2.

Ross's arguments are insufficient to defeat Sheriff Farmer's bid for summary judgment.  To start, competent summary-judgment evidence contradicts Ross's recollection that SCRCF had no formal grievance procedure.  Upon intake, Ross signed a form to confirm that he had received the Grievance Procedures and "had these things explained to [him]."  Doc. [37-1] at 89.  Even if Ross's attorney grieved his medical care by phone, "[m]erely . . . putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement."  *See Pettis*, 2021 WL 785097, at *1.  Finally, Ross offers no proof beyond his own unsworn statement to demonstrate that he ever properly filed a first-step administrative grievance at

SCRCF about the claims raised in his Complaint.  *See Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) ("Although pro se litigants are not held to the same standard of compliance with formal or technical pleading rules applied to attorneys, we have never allowed such litigants to oppose summary judgments by the use of unsworn materials.").  In any event, Ross does not claim that he submitted *three* written grievances, tacitly admitting that he failed to fully exhaust his available administrative remedies.  That failure is controlling and entitles Sheriff Farmer to summary judgment in his favor.  *See Wrice v. Carr*, No. 4:21-cv-0440-P, 2022 WL 2972237, at *7 (N.D. Tex. Jul. 22, 2022).

## IV. RECOMMENDATION

Sheriff Farmer's Motion [37] for Summary Judgment for Failure to Exhaust Administrative Remedies should be granted.  Ross's claims against him should be dismissed without prejudice as barred by 42 U.S.C. § 1997e(a).

## V. NOTICE OF RIGHT TO APPEAL/OBJECT

Within fourteen days of being served with a copy of this Report and Recommendation, any party may serve and file written objections with the Clerk of Court.  An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.  Within seven days of service of the objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objections. L. U. Civ. R. 72(a)(3).

The District Judge shall make a *de novo* determination of those portions of the

Report and Recommendation to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *See Wallace v. Miss.*, 43 F.4th 482, 494-95 (5th Cir. 2022) (collecting cases).

**SIGNED,** this 21st day of November, 2022.

*s/* *Bradley W. Rath*

HONORABLE BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE

9