IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTONIO M. ROSS | § | PLAINTIFF |
| | § | |
| | § | |
| v. | § | Civil No. 1:20cv351-HSO-BWR |
| | § | |
| | § | |
| SHERIFF MIKE FARMER, et al. | § | DEFENDANTS |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [52]; GRANTING DEFENDANT SHERIFF MIKE FARMER'S MOTION [37] FOR SUMMARY JUDGMENT; AND DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT SHERIFF MIKE FARMER WITHOUT PREJUDICE**

This matter comes before the Court on the Report and Recommendation [52] of United States Magistrate Judge Bradley W. Rath, entered in this case on November 21, 2022, and the Motion [37] for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendant Sheriff Mike Farmer[1] on June 17, 2022. Based upon the Magistrate Judge's review of the pleadings and relevant legal authority, he recommended that Sheriff Farmer's Motion [37] for Summary Judgment be granted and that Plaintiff's claims against Sheriff Farmer be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. R. & R. [52] at 8.

Plaintiff has not objected to the Report and Recommendation [52], and the

---

[1] The Motion [37] for Summary Judgment was also filed on behalf of Defendants Susan Cooper and Eddie Rogers. However, Plaintiff subsequently voluntarily dismissed Cooper and Rogers, mooting the Motion [37] as to them. *See* Mot. [39]; Text Order, July 1, 2022.

time for doing so has passed. For the reasons that follow, the Court finds that the Report and Recommendation [52] should be adopted in its entirety as the finding of this Court, that Sheriff Farmer's Motion [37] for Summary Judgment should be granted, and that Plaintiff's claims against Sheriff Farmer should be dismissed without prejudice for failure to exhaust administrative remedies. Only Plaintiff's claims against Defendant "Unknown Doctor" remain in this case.

## I. BACKGROUND

On November 12, 2020,[2] Plaintiff Antonio M. Ross ("Plaintiff" or "Ross") filed a Complaint [1] in this Court, naming as Defendants Chief Deputy United States Marshal Shermaine Sullivan ("Sullivan"), Stone County Sheriff Mike Farmer ("Sheriff Farmer"), Stone County Nurse Susan Cooper ("Cooper"), an unknown doctor from the Stone County Jail (the "Unknown Doctor"), the Federal Bureau of Prisons ("BOP"), Stone County Captain Eddie Rogers ("Rogers"), two BOP employees, and the United States Department of Justice. *See* Compl. [1]. Plaintiff advanced causes of action under 42 U.S.C. § 1983; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); and the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA"). *See id.* at 2, 8.

Ross's claims stem from his medical treatment after he was taken into custody by the Drug Enforcement Administration and the United States Marshals Service ("USMS") on federal charges and housed at Stone County Regional

---

[2] Ross executed his Complaint [1] on November 12, 2020, and the Clerk of Court received and docketed it on November 23, 2020. *See* Compl. [1] at 1, 20.

Correctional Facility ("SCRCF") for approximately 240 days.  *See See* Compl. [1] at 9-17.  Ross alleges that Defendants violated his Eighth and Fourteenth Amendment rights by denying, interfering with, and delaying medical treatment. *See id.*

Ross later voluntarily dismissed his claims against the two BOP employees and substituted the United States of America as a Defendant in place of Defendants BOP and Department of Justice.  *See* Mot. [10]; Order [11].  He subsequently dismissed two of the Stone County officials, Cooper and Rogers.  *See* Mot. [39]; Text Order, July 1, 2022.  The Court then granted Sullivan and the United States of America's Motion [31] to Dismiss and for Summary Judgment, *see* Order [51], leaving only Ross's claims against Sheriff Farmer and the Unknown Doctor pending.

Sheriff Farmer has filed a Motion [37] for Summary Judgment for Failure to Exhaust Administrative Remedies, arguing that Ross has failed to fully exhaust his available administrative remedies prior to filing suit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (the "PLRA").  *See* Mot. [37].  Sheriff Farmer presents evidence that Ross "has never filed a grievance with SCRCF." Mem. [38] at 2 (citing Ex. "A" [37-1] & Ex. "B" [37-2]).

In an unsworn Response [42], Ross states that his criminal attorney made a "request . . . verbally by phone," Resp. [42] at 1, "told Stone County Jail about Dr. Appts.," *id.* at 2, and in January 2018, "sumitted [sic] grievance/complaint (denied adequate medical care)[,] requesting medication and access to a heart specialist,"

which request "was made verbally by phone," *id.* Ross also claims that he "hand[ed] written grievance/complaint to the Stone County Jail." *Id.* at 1.

Sheriff Farmer replies that the competent summary judgment evidence demonstrates that Ross was aware of SCRCF's inmate grievance policy and submitted no grievance. *See* Reply [45] at 2-3. With respect to Ross's attorney's alleged phone call, Sheriff Farmer points out that SCRMC grievance policy requires a grievance to be submitted in writing, and that Ross's allegation of a handwritten "grievance/complaint" does not disclose when it was purportedly submitted, making it impossible to determine if it was submitted within 30 days as required by the grievance policy. *See id.* at 3.

On November 21, 2022, the Magistrate Judge entered his Report and Recommendation [52], recommending that Sheriff Farmer's Motion [37] for Summary Judgment be granted and that Ross's claims against him be dismissed without prejudice for failure to exhaust administrative remedies. *See* R. & R. [52] at 8. Any objection to the Magistrate Judge's Report and Recommendation [52] was due within fourteen (14) days of service. L.U. Civ. R. 72(a)(3). To date, Plaintiff has not filed any objection to the Magistrate Judge's Report and Recommendation [52], and his time for doing so has passed. *See id.*

## II. DISCUSSION

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those

portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

The question presented by Sheriff Farmer's Motion [37] for Summary Judgment is whether Ross properly exhausted his available administrative remedies prior to filing his Complaint, as mandated by the PLRA, 42 U.S.C. § 1997e(a). *See* Mot. [37]; Mem. [38]. Under the PLRA "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," and the plaintiff "must have pursued the grievance remedy to conclusion—substantial compliance with administrative procedures is not enough." *Bargher v. White*, 928 F.3d 439, 446-47 (5th Cir. 2019), *as revised* (July 2, 2019) (quotations omitted). The United States Supreme Court has held that § 1997e's "mandatory language means a court may not excuse a failure to exhaust, even to take [any special] circumstances into account." *Ross v. Blake*, 578 U.S. 632, 639 (2016).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. Sheriff Farmer has presented evidence that Ross

failed to exhaust his available administrative remedies related to his claims against Sheriff Farmer prior to filing this lawsuit, in contravention of the PLRA. *See* Ex. "A" [37-1] (Ross's jail file); Ex. "B" [37-2] (Affidavit of Warden Franklin Brewer). Ross has not submitted any competent summary judgment evidence which rebuts this showing, and his failure to exhaust available administrative remedies prior to filing suit mandates dismissal of his claims. *See* 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 56(a). Even if Ross began the grievance process as he asserts in his unsworn response, there is no indication that he "pursued the grievance remedy to conclusion," which is insufficient to fully exhaust. *See Bargher*, 928 F.3d at 447. The Court will therefore adopt the Magistrate Judge's Report and Recommendation [52], grant Sheriff Farmer's Motion [37] for Summary Judgment, and dismiss Ross's claims against Sheriff Farmer without prejudice for failure to exhaust available administrative remedies.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [52] of United States Magistrate Judge Bradley W. Rath, entered in this case on November 21, 2022, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [37] for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendant Sheriff Mike Farmer is **GRANTED**, and Plaintiff Antonio M. Ross's

claims against Defendant Sheriff Mike Farmer are **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to exhaust available administrative remedies.

**SO ORDERED AND ADJUDGED**, this the 20th day of December, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE