IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANTONIO M. ROSS**                                                    **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 1:20-cv-00351-HSO-BWR**

**UNKNOWN DEFENDANT, Doctor**                        **DEFENDANT**

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Antonio M. Ross filed this lawsuit on November 23, 2020, invoking 42 U.S.C. § 1983; *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); and the Federal Tort Claims Act ("FTCA"). Compl. [1] at 2. He named Defendants Shermaine Sullivan, Mike Farmer, Susan Cooper, Federal Bureau of Prisons, Eddie Rogers, G. Petry, Rhonda Rodden, U.S. Department of Justice, the United States of America, and an Unknown Doctor. All Defendants have been terminated except the Unknown Doctor, who has yet to be identified. For the following reasons, the undersigned recommends this civil action be dismissed without prejudice for Ross's failure to prosecute and obey Court orders.

## I. BACKGROUND

On May 11, 2021, Ross was ordered to file a written response to "provide the full name of Defendant Unknown Medical Doctor." Order [9] at 1. Ross responded by asking the Court to "allow him to get this information through the discovery process." Resp. [10] at 2. When the Court issued Notices of Lawsuit and Requests for Waivers of Service on June 11, 2021, the Court advised Ross "that process will not issue for Defendant Unknown Medical Doctor at this time." Order [11] at 4. He was

further advised to "file a Motion providing [the] name and address [of Defendant Unknown Medical Doctor] and requesting that process issue" once he "ascertains the name and address." *Id*. at 4-5.

On June 25, 2021, Ross filed a Motion [19] for Subpoenas, asking Defendant Mike Farmer to provide "the full name . . . of any and all doctors . . . who manage[d] and provided medical care to Plaintiff Antonio M. Ross" between November 2017 and August 2018. Mot. [19] at 1. The Court denied Ross's Motion [19], instructing him to propound interrogatories to the appropriate Defendant and not file them with the Clerk of Court. (Text Only Order, Dec. 3, 2021). The Court's docket does not reflect that any interrogatories or other discovery devices were subsequently propounded by Ross.

On December 23, 2022, the Court ordered Ross to show cause why this case should not be dismissed for his failure to comply with the Court's Orders [9] [11]. Order [54] at 2. Ross was given until January 6, 2023, to "provide the name and address of Defendant Unknown Medical Doctor." *Id*. Ross was warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." *Id*. The Order to Show Cause [54] was mailed to Ross at his last-known mailing address, and it was not returned to the Court as undeliverable. Ross did not respond by the January 6 deadline.

On January 9, 2023, the Court entered a Second and Final Order to Show

Cause, directing Ross to "explain why this case should not be dismissed for his failure to comply with the Court's Orders [9] [11] [54]." Order [55] at 2. Ross's responsive deadline was extended to January 23, 2023, and he was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." *Id*. at 3 (emphasis in original). Ross was cautioned that this was his "final opportunity to comply with the Court's Orders [9] [11] [54]." *Id*.

Before Ross's responsive deadline expired, he moved the Court for a 30-day extension of time within which to "get the information needed." Mot. [57] at 1. The Court granted Ross's Motion [57] and provided him until February 13, 2023, to respond. (Text-Only Order, Jan. 13, 2023). Ross was warned again that "[f]ailure to timely comply with this order or to advise the Court of his current address will result in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." *Id*. When the Second and Final Order to Show Cause [55] and the January 13, 2023 Text-Only Order were returned to the Court as undeliverable, the Court forwarded additional copies to the new address provided in Ross's Change of Address [56]. Those copies were not returned to the Court as undeliverable. Ross did not respond by the February 13 deadline.

## II. DISCUSSION

The Court may dismiss an action *sua sponte* for a plaintiff's failure to prosecute

3

under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming *sua sponte* dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

But the Court must give heightened consideration in cases "where, as in this matter, plaintiff's action likely would be barred by a statute of limitations if it were dismissed without prejudice." *Searcy v. Paxton*, No. 21-40602, 2022 WL 1763373, at *1 (5th Cir. June 1, 2022). Ross says the events giving rise to his lawsuit occurred between 2017 and 2018. Compl. [1] at 8. The applicable statute of limitations period is three years for claims arising under *Bivens* and § 1983. *See Rankin v. United States*, 556 F. App'x 305, 310 (5th Cir. 2014) (*Bivens* claim); *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990) (§ 1983 claim). So this lawsuit, if dismissed without prejudice and refiled later, would likely be time-barred. *See id.*

"In such instances, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice." *Searcy*, 2022 WL 1763373, at *1. "A dismissal with prejudice is improper

4

unless the record evidences 'both (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice.'" *Id.* (quoting *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988)). "Failure to comply with 'a few' orders ordinarily will not be sufficient to satisfy the heightened standard." *Id.* (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191-92 & n.6 (5th Cir. 1992)) (vacating and remanding the district court's *sua sponte* dismissal after plaintiff failed to comply with one order); *see also, e.g.*, *Zellmar v. Warden, Gurney Unit*, 810 F. App'x 340, 341 (5th Cir. 2020) (same). Dismissals with prejudice must generally be justified by "at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (alterations omitted).

The first and third aggravating factors exist here. *See id.* Ross himself is responsible for the delay in this case. He has not complied with five Court Orders, Order [9]; Order [11]; Order to Show Cause [54]; Second and Final Order to Show Cause [55]; (Text-Only Order, Jan. 13, 2023), despite knowing that he is responsible for doing so, Mot. [57] at 1. And the Court has "employed lesser sanctions [than dismissal] that proved to be futile." *See Vafaiyan v. Target Inc.*, 251 F. App'x 862, 863 (5th Cir. 2007). The category of "lesser sanctions" includes "explicit warnings." *See Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (quotation omitted). Ross was explicitly warned eight times that failing to comply

5

with the Court's orders may lead to the dismissal of his case. *E.g.*, Order [3] at 2; Order Setting Payment Schedule [7] at 2; Order [9] at 2; Order [11] at 5; Order [15] at 2; Order to Show Cause [54] at 2; Second and Final Order to Show Cause [55] at 3; (Text-Only Order, Jan. 13, 2023). Ross's noncompliance appears intentional given the Court's many efforts to obtain compliance.

The Court thus finds "that lesser sanctions [than dismissal] would not prompt diligent prosecution." *Vafaiyan*, 251 F. App'x at 863. Nor is it necessary for the Court to consider other possible sanctions, as Ross has been repeatedly warned about the possibility of dismissal. *See Callip*, 757 F.2d at 1521. Given Ross's clear record of delay and contumacious conduct, dismissal without prejudice is warranted.

### III. RECOMMENDATION

This case should be dismissed without prejudice for Ross's failure to prosecute and obey Court orders.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Within fourteen days of being served with a copy of this Report and Recommendation, any party may serve and file written objections with the Clerk of Court. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. Within seven days of service of the objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objections. L. U. Civ. R. 72(a)(3).

The District Judge shall make a *de novo* determination of those portions of the

6

Report and Recommendation to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *See Wallace v. Miss.*, 43 F.4th 482, 494-95 (5th Cir. 2022) (collecting cases).

**SIGNED,** this 24th day of February, 2023.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE